UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Ernesto C., <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE and JOHN DOE, being a fictitious name for the Plan Administrator whose identity is presently unknown, <br><br> Defendants. | **COMPLAINT** <br><br> CIVIL NO.: _____ |

University Spine Center ("Plaintiff"), on assignment of Ernesto C. ("Patient"), by way of Complaint against United Healthcare ("Defendant United") and John Doe ("Defendant Doe") collectively ("Defendants"), asserts:

## THE PARTIES

1. At all relevant times, Plaintiff was a healthcare provider in the County of Passaic, State of New Jersey.

2. Upon information and belief, Defendants are primarily engaged in the business of providing and/or administering health care plans ("Plans") or policies ("Policies") and were present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

3. John Doe has been added as a Defendant in this matter through the use of a fictitious name because its identity is not known at this time. Upon information and belief, John Doe is the Plan Administrator.

## **FACTUAL ALLEGATIONS**

4. This dispute arises from Defendants' failure to remit proper payment under the terms of their participant or insured's, i.e., Patient, Plan.

5. Specifically, Defendants failed to remit proper payment under the terms of the Patient's controlling Plan or Policy that govern or describe how payment is to be made.

6. On October 21, 2011 and November 11, 2011, Plaintiff provided medically necessary and reasonable services to Patient.

7. On October 21, 2011, Patient underwent a lumbar laminotomy at L4-L5, discectomy at L4-L5 on the right side, and other related procedures.

8. On November 11, 2011, Patient underwent the following procedures: revision lumbar laminectomy at L4-L5, revision discectomy at L4-L5, posterior interbody fusion at L4-L5 using TLIF technique, posterolateral fusion, non-segmental instrumentation using pedicle screws, neurolysis, and other related procedures.

9. Patient transferred all of his rights to benefit payments under his insurance plan, as well as all of his related rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), to Plaintiff.

10. To the extent Patient's Plan or Policy was governed by and subject to ERISA, Plaintiff is enabled to bring this action by virtue of the assignment.

11. Plaintiff prepared Health Insurance Claim Forms ("HICFs") formally demanding reimbursement in the amount of $345,280.00 from Defendants for the medically necessary and reasonable services rendered to Patient.

12. Defendants, however, only allowed reimbursement totaling $9,373.34 for the above-referenced treatment.

13. The applicable administrative appeals process maintained by Defendants was exhausted prior to bringing this action.

14. Defendants failed to remit appropriate payment in response to Plaintiff's appeal.

15. In a letter dated January 8, 2018, Plaintiff requested, *inter alia*, a copy of the Summary Plan Description ("SPD") and identification of the Plan Administrator.

16. Defendants failed to produce the SPD, acknowledge that they were or are the Plan Administrator, or identify the party that is the designated Plan Administrator as requested.

17. Upon information and belief, Defendant United is, at a minimum, the Claims Administrator for the applicable Plan for Patient.

18. Taking into account any known deductions, copayments, coinsurance, and factoring in the industry-standard reduction for assistant surgeon charges, Defendants' reimbursement amounts to an underpayment of $200,962.66.

19. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, Defendants' breaches of fiduciary duty, and failure to produce requested documentation in violation of ERISA § 1024.

## COUNT ONE

**FAILURE TO MAKE ALL PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)**

20. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-19 of this Complaint and incorporates same by reference hereto.

21. ERISA § 502(a)(1), codified at 29 U.S.C. § 1132(a), provides a cause of action for a beneficiary or participant seeking payment under a Plan.

22. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient

23. Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

24. Plaintiff is entitled, by virtue of the assignment of benefits, to recover benefits due to Patient under any applicable ERISA Plan and Policy.

25. Upon information and belief, Defendants have failed to make payment pursuant to the controlling Plan or Policy.

26. Plaintiff also alleges that Defendants' decision to deny reimbursement was wrongful.

27. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. For an Order directing Defendants to pay to Plaintiff $200,962.66;

b. For an Order directing Defendants to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendants;

c. For compensatory damages and interest;

d. For attorneys' fees and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY UNDER
### 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a)

28. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-27 of this Complaint and incorporates same by reference hereto.

29. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

30. Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3)(B), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105(a).

31. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

32. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1)

33. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

34. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

35. Here, when Defendants acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as "fiduciar[ies]" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendants acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

36. Here, Defendants breached their fiduciary duties by:

1. Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations;

2. Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

3. Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and

4. Wrongfully withholding money belonging to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    a.    For an Order directing Defendants to pay to Plaintiff $200,962.66;

    b.    For an Order directing Defendants to pay to Plaintiff all benefits Patient would be entitled to pursuant the Plan or Policy issued by Defendants;

    c.    For compensatory damages and interest;

    d.    For attorneys' fees and costs of suit; and

    e.    For such other and further relief as the Court may deem just and equitable.

## COUNT THREE

**FAILURE TO PROVIDE THE REQUESTED SUMMARY PLAN DESCRIPTION IN VIOLATION OF 29 U.S.C. § 1024**

37.    Plaintiff repeats and re-alleges the allegations of Paragraphs 1-36 of this Complaint and incorporates same by reference hereto.

38.    29 U.S.C. § 1024(b)(4) requires that the "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest summary [...] plan description."

39.    Further, 29 U.S.C. § 1132(c)(1) provides that any administrator "who fails or refuses to comply with a request for information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal."

40.    29 C.F.R. § 2575.502c-1 provides that this penalty was adjusted to $110 a day for violations occurring after July 29, 1997.

41.    Plaintiff, by virtue of the assignment of benefits, was entitled to request a copy of the SPD from Defendants.

42. Defendants failed to provide Plaintiff with a copy of the SPD upon written request.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a) For an order directing Defendants to pay $110 a day for every day beyond thirty days from January 8, 2018 until they furnish Plaintiff with a copy of the SPD;

b) For attorneys' fees and costs of the suit; and

c) For such further and other relief as the Court may deem just and equitable.

### TRIAL COUNSEL DESIGNATION

Samuel S. Saltman, Esq., is hereby designated as Trial Counsel in the above matter.


Dated: Paramus, New Jersey
       February 28, 2018

Respectfully submitted,

CALLAGY LAW, P.C.

By: _____
Samuel S. Saltman, Esq.
Michael Gottlieb, Esq.
Mack Cali Centre II
650 From Road – Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6244
E-mail: ssaltman@callagylaw.com

*Attorneys for Plaintiff, University Spine Center*